UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Gloria Steginsky, Individually and on Behalf of All Others Similarly Situated,<br>       Plaintiff,<br><br>       v.<br><br>Xcelera, Inc., et al.,<br>       Defendants. | No. 3:12cv188 (SRU) |

## CONFERENCE MEMORANDUM AND ORDER

On August 6, 2014, I held a telephone conference, on the record, with attorneys for the plaintiff, Gloria Steginsky, and defendants Xcelera, Alexander and Gustav Vik ("the Viks") and VBI Corporation (collectively "the defendants"). The purpose of the call was to resolve the discovery issues raised in the parties' joint letter of August 4, 2014 (doc. # 114).

On April 2, 2014, I issued a Conference Memorandum and Order (doc. # 94), which ordered discovery to commence with respect to class certification and the Viks' relationship to defendant OFC. On April 8, 2014, I issued a Supplemental Conference Memorandum and Order (doc. # 97), ordering production of: (a) consolidated financial statements for Xcelera prepared between one year before and one year after the Tender Offer, or, if no such consolidated financial statements exist, then financial statements for each of Xcelera's subsidiaries during that period; and (b) any valuation analyses performed with respect to Xcelera during that same period by May 8, 2014. The issues taken up during the call related to those two orders.

First, the plaintiff had sought consolidated financial statements from Xcelera, but was informed by counsel for Xcelera that no such statements exist. Instead, the defendants produced financial statements for Xcelera's three subsidiaries, a permissible option under the Order of

1

April 8, 2014.  The plaintiff was not satisfied with that production, and sought discovery of financial information about Xcelera that was not included within the scope of the Order, to aid in the preparation of her claims.  During the call, I denied the plaintiff's request and declined to expand the scope of initial discovery with respect to this issue.  There is no indication that Xcelera is withholding any consolidated financial statement or valuation analysis; therefore, Xcelera has complied with its discovery obligations under the April 8 order.

Second, the plaintiff sought information related to any and all purchases of or offers to purchase shares of Xcelera from the period February 7, 2009 until the present.  Counsel for the defendants offered to produce that information with respect to his clients only and the plaintiff acquiesced to that proposal.

Third, the defendants sought complete, unredacted copies of documents in the plaintiff's possession, custody or control containing information about the plaintiff's holdings of and transactions in Xcelera stock.  Those documents are relevant to class discovery, to determine whether the plaintiff is an appropriate class representative, and I ordered them produced in advance of the plaintiff's deposition.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of August 2014.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge