**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

―――――――――――――――――――――――――――――

GLORIA STEGINSKY, Individually and On Behalf of
All Others Similarly Situated,

               Plaintiff,

        vs.

XCELERA INC., OFC LTD., VBI CORPORATION,
ALEXANDER M. VIK, GUSTAV M. VIK, and HANS
EIRIK OLAV,

               Defendants.

―――――――――――――――――――――――――――――

: Case No. 3:12-cv-00188-SRU
:
:
:
:
:
:
:
:
:
: Dated: December 17, 2014
:
:
:

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
<u>IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION</u>**


**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jeffrey S. Abraham (*pro hac vice*)
Philip T. Taylor (*pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel. (212) 279-5050
jabraham@aftlaw.com
ptaylor@aftlaw.com

**SCOTT + SCOTT
ATTORNEYS AT LAW, LLP**
Erin Green Comite (CT 24886)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel. (860) 537-5537
ecomite@scott-scott.com

**Plaintiff's Counsel**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

I.      PLAINTIFF HAS PROPERLY DEMONSTRATED THAT HER CLAIMS ARE
        TYPICAL OF THOSE OF OTHER CLASS MEMBERS .................................................1

II.     COMMON ISSUES PREDOMINATE IN THIS ACTION ...............................................2

        A.      Individual Issue With Respect to Reliance Do Not Predominate ...........................2

        B.      Individual Issues With Respect to Defendants' Deception Do Not
                Predominate in This Action ....................................................................................5

        C.      Plaintiff is Not Subject to a Unique Defense of Non-Reliance Based Upon
                Her Suspicions Regarding Defendants' Conduct ...................................................7

        D.      Individual Issues Do Not Predominate With Respect to Plaintiff's Breach
                of Fiduciary Duty Claim .........................................................................................9

III.    THE CLASS SHOULD INCLUDE SALES OF XCELERA STOCK TO
        DEFENDANTS OUTSIDE THE STRICT CONFINES OF THE TENDER OFFER ......10

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*,
    269 F.R.D. 252 (S.D.N.Y. 2010) ........................................................................5

*Affiliated Ute Citizens of Utah v. U.S.*,
    406 U.S. 128 (1972)........................................................................................2-3

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
    __ U.S. __, 133 S. Ct. 1184 (2013)..................................................................4

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988)........................................................................................4

*Bello v. Integrated Resources, Inc.*,
    No. 88 Civ. 1214 (CSH), 1990 U.S. Dist. LEXIS 4610 (S.D.N.Y. Apr. 19, 1990)............8

*Dandong v. Pinnacle Performance Ltd.*,
    No. 10 Civ. 8086 (JMF) 2013 U.S. Dist. LEXIS 150259 (S.D.N.Y. Oct. 17, 2013) .........4

*Dodona I, LLC v. Goldman, Sachs & Co.*,
    296 F.R.D. 261 (S.D.N.Y. 2014) ................................................................2, 4

*Du Pont v. Brady*,
    828 F.2d 75 (2d Cir. 1987)..............................................................................3

*Dura-Bilt Corp. v. Chase Manhattan Corp.*,
    89 F.R.D. 87 (S.D.N.Y. 1981) ....................................................................3, 6

*Eckstein v. Balcor Film Investors*,
    58 F.3d 1162 (7th Cir. 1995) ..........................................................................5

*Gallup v. Clarion Sintered Metals, Inc.*,
    489 Fed. Appx. 553 (3d Cir. 2012)....................................................................5

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    119 F.R.D. 344 (S.D.N.Y. 1988) ................................................................ 8-9

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    903 F.2d 176 (2d Cir. 1990)....................................................................... 8-9

*Gurary v. Winehouse*,
190 F.3d 37 (2d Cir. 1999)........................................................................................9

*Halliburton Co. v. Erica P. John Fund, Inc.*,
__ U.S. __, 134 S. Ct. 2398 (2014).........................................................................4

*In re Beacon Assocs. Litig.*,
282 F.R.D. 315 (S.D.N.Y. 2012) .............................................................................3

*In re Currency Conversion Fee Antitrust Litig.*,
264 F.R.D. 100 (S.D.N.Y. 2010) .............................................................................1

*In re Drexel Burnham Lambert Group*,
960 F.2d 285 (2d Cir. 1992)......................................................................................1

*In re Initial Pub. Offering Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006).......................................................................................5

*In re Livent, Inc. Noteholders Sec. Litig.*,
211 F.R.D. 219 (S.D.N.Y. 2002) .............................................................................5

*In re Merrill Lynch Auction Rate Sec. Litig.*,
704 F. Supp. 2d 378 (S.D.N.Y. 2010)......................................................................9

*In re Smith Barney Transfer Agent Litig.*,
290 F.R.D. 42 (S.D.N.Y. 2013) ...........................................................................2-3

*Jensen v. Kimble*,
1 F.3d 1073 (10th Cir. 1993) ...................................................................................6

*Kamerman v. Ockap Corp.*,
112 F.R.D. 195 (S.D.N.Y. 1986) .............................................................................8

*Lewis v. McGraw*,
619 F.2d 192 (2d Cir. 1980)......................................................................................9

*Manela v. Garantia, Inc.*,
5 F. Supp. 2d 165 (S.D.N.Y. 1998) .........................................................................9

*McCormick v. Fund. Am. Companies*,
26 F.3d 869 (9th Cir. 1994) ......................................................................................6

*McLaughlin v. Am. Tobacco Co.*,
522 F.3d 215 (2d Cir. 2008)......................................................................................5

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
 693 F.3d 145 (2d Cir. 2012)...........................................................................10

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
 322 F.3d 147 (2d Cir. 2003)...........................................................................10

*Robidoux v. Celani*,
 987 F.2d 931 (2d Cir. 1993).............................................................................2

*Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
 495 F.2d 228 (2d Cir. 1974).............................................................................6

*Shores v. Sklar*,
 647 F.2d 462 (5th Cir. 1981) ............................................................................5

*Stark Trading & Shepherd Invs. International, Ltd. v. Falconbridge Ltd.*,
 No. 05 Civ. 1167 (AEG), 2008 U.S. Dist. LEXIS 2677 (E.D. Wisc. Jan. 14, 2008) ..........8

*Stark Trading & Shepherd Invs. International, Ltd. v. Falconbridge Ltd.*,
 552 F.3d 568 (7th Cir. 2009) ............................................................................8

*Steginsky v. Xcelera Inc.*,
 741 F.3d 365 (2d Cir. 2014)............................................................... *passim*

*U.S. v. McGee*,
 564 F.3d 136 (2d Cir. 2009).............................................................................6

*Wardrop v. Amway Asia Pacific Ltd.*,
 No. 99 Civ. 12093 (DC), 2001 U.S. Dist. LEXIS 2857 (S.D.N.Y. March 20, 2001)...... 7-8

*Willco Kuwait (Trading) S.A.K. v. De Savary*,
 843 F.2d 618 (1st Cir. 1988) ...........................................................................6

Plaintiff respectfully submits this reply brief in further support of her motion for class certification and in response to The Xcelera Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification ("Defs. Memo.").

## INTRODUCTION

Defendants' challenge to the typicality of Plaintiff's claims lacks merit because the same wrongful behavior of Defendants violating their duty of disclosure while purchasing Xcelera Inc. ("Xcelera") stock underlies the claims of all the members of the proposed class (the "Class"). Similarly, Defendants' efforts to conjure up distinctions sufficient to rebut the presumption of reliance lack merit. Defendants fail to demonstrate that Plaintiff had any special or unique knowledge of Xcelera's affairs differing from that of other Class members. Instead, Plaintiff had *no* information concerning Xcelera's financial results, and like all the Class members, knew she was selling Xcelera stock without receiving any such disclosures. These facts, based upon the Second Circuit's decision in this action, are sufficient to state a claim for Plaintiff and, therefore, on behalf of the entire Class as well.

## I.   PLAINTIFF HAS PROPERLY DEMONSTRATED THAT HER CLAIMS ARE TYPICAL OF THOSE OF OTHER CLASS MEMBERS

Defendants argue that Plaintiff's claims are not typical of other Class members because she is subject to a unique defense of non-reliance. *See* Defs. Memo. at 9-18. Defendants are in error as they misconstrue the controlling legal test.

Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group*, 960 F.2d 285 (2d Cir. 1992). "Typicality refers to the nature of the claims of the representative, not the individual characteristics of the plaintiff." *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 111 (S.D.N.Y. 2010). "When it is

alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993).

Here, Defendants' actions were the same with respect to Plaintiff and the absent class members, *i.e.*, Defendants purchased minority shareholders' Xcelera stock without disclosing any material information concerning Xcelera's financial condition. Amended Complaint ("AC") ¶3. *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 370 (2d Cir. 2014). Accordingly, Plaintiff's claims are typical because each of the Class members' claims arise from Defendants' withholding of material information which Defendants had a duty to disclose. *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 296 F.R.D. 261, 268 (S.D.N.Y. 2014) (a class representative is typical where "material omissions are central to the claims of all members of the Proposed Class"); *In re Smith Barney Transfer Agent Litig.*, 290 F.R.D. 42, 46 (S.D.N.Y. 2013) (same).

## II.    COMMON ISSUES PREDOMINATE IN THIS ACTION

Defendants argue that common issues do not predominate because of differences in: (a) the scope of reliance on Defendants' omissions; (b) proof of deception; (c) the circumstances of Plaintiff's investment; and (d) individualized proofs necessary to prevail on the breach of fiduciary claim. *See* Defs. Memo. at 18 and 25. Defendants are in error.

### A.    Individual Issues With Respect to Reliance Do Not Predominate

*Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972) established a presumption of reliance for private securities litigants, holding that in cases "involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them

-2-

important in the making of this decision."  Applying the *Affiliated Ute* presumption is appropriate in insider trading cases.  *See*, *e.g.*, *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 97 (S.D.N.Y. 1981) (certifying insider trading class action based upon the *Affiliated Ute* presumption).

The *Affiliated Ute* presumption of reliance can only be rebutted where Defendants "***prov[e] by a preponderance of the evidence*** that disclosure of that information would not have altered the plaintiff's investment decision."  *Smith Barney*, 290 F.R.D. at 48-49 (emphasis added).  That involves an "***unusual case*** in which compatible findings of materiality and nonreliance can be made."  *Du Pont v. Brady*, 828 F.2d 75, 78 (2d Cir. 1987) (emphasis added).

Defendants fail to advance any facts that disclosure of the wrongfully withheld facts would not have affected Plaintiff's investment decision much less any facts sufficient to provide the required proof by a preponderance of the evidence.  Indeed, Plaintiff never testified that she would have sold her shares regardless of the disclosures, but, instead, that she might not have sold the stock had she been able to determine Xcelera's value.  Tr. at 162:13-15 (Reply Declaration of Philip T. Taylor ("Taylor Reply Decl.") Ex. N).

Defendants' effort to satisfy their burden by arguing that Plaintiff did not actually read the tender offer material (Defs. Memo. at 17-18) also fails.  A presumption of reliance applies even where a class representative fails to read the offering materials.  *See, e.g., In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 330 (S.D.N.Y. 2012); *Smith Barney*, 290 F.R.D. at 49.  Here, the presumption is strengthened because the tender offer material did not disclose *any* information concerning Xcelera's financial condition requiring Plaintiff to investigate on her own.  Tr. at 136-153.  In addition, Plaintiff not reading the tender offer material, however, did not represent

any lack of interest or diligence on Plaintiff's part because, as Defendants acknowledge, Plaintiff was not provided with a copy of the tender offer material.  Defs. Memo. at 5.[1]

Nor can Defendants' speculation that other individual Class members may have possessed the wrongfully omitted information (Defs. Memo. at 24) serve as a sufficient basis for finding that common issues do not predominate in this action.  Defendants have not placed a scintilla of evidence before this Court demonstrating or even suggesting that any Class members had access to such information.  Indeed, they do not explain how the Class members could have had such knowledge unless they were corporate insiders given that Defendants have treated such information as confidential in the context of pre-trial discovery in this action.

In any event, consideration of rebuttal evidence at the class certification stage is inappropriate.  *Dodona*, 296 F.R.D. at 270 ("The Court declines to rule on the merits of the reliance issue at the stage of class certification.") (citing *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, __ U.S. __, 133 S. Ct. 1184, 1191 (2013)).  *Halliburton Co. v. Erica P. John Fund, Inc.*, __ U.S. __, 134 S. Ct. 2398 (2014), upon which Defendants rely, is not on point. *Halliburton* permitted a defendant at the class certification stage to present rebuttal evidence of market efficiency which is a prerequisite to a presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).  However, *Halliburton* emphasized that where a class-wide presumption of reliance applies, class certification is appropriate even where individualized questions of reliance remain unresolved.  *Id.* at 2412 ("That the defendant might attempt to pick

---

[1]        It appears that the Tender Offer material was sent to shareholders with certificated shares.  *See* Declaration of Philip T. Taylor ("Taylor Decl.") Ex. F (ECF No. 128-6).  The vast majority (78%) of the shares tendered appear to have been held in street name, making any issue concerning the receipt and review of the Tender Offer material common to the Class.  *See* Taylor Decl. Ex. G (2,483,318 of the 3,181,401 shares tendered were held in street name).  *See also Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ. 8086 (JMF) 2013 U.S. Dist. LEXIS 150259, at *15 (S.D.N.Y. Oct. 17, 2013) (class certified where the defendants failed to establish that failure to read offering documents was unique to the class representatives).

off the occasional class member here or there through individualized rebuttal does not cause individual questions to predominate.").

The cases relied upon by Defendants are not on point. *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 42-43 (2d Cir. 2006) was a case in which reliance was not at issue on the claims asserted under the Securities Act of 1933. Instead, there, the plaintiffs alleged actual knowledge of the facts underlying the alleged claim of market manipulation. *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 226 (2d Cir. 2008) was a consumer class action in which the plaintiffs were not entitled to avail themselves of any presumption of reliance. *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 269 F.R.D. 252 (S.D.N.Y. 2010) involved a class action for common law fraud where the plaintiffs were required to prove direct reliance and did not benefit from any class-wide presumption of reliance.[2]

### B.     Individual Issues With Respect to Defendants' Deception Do Not Predominate in This Action

Defendants argue that individual issues with respect to deception also predominate in this action because "[a]ny class member who knew that Xcelera did not make its financial information available but traded nonetheless cannot complain that she was deceived by the omission of that financial information . . . ." Defs. Memo. at 22. This argument also lacks merit.

Defendants' deception stems from failing "to provide *any* information to plaintiff about Xcelera's financial state at any time leading up to her sale to OFC." *Steginsky*, 741 F.3d at 370

---

[2]     Other cases relied on by Defendants are not on point. In *Eckstein v. Balcor Film Investors*, 58 F.3d 1162 (7th Cir. 1995) and *In re Livent, Inc. Noteholders Sec. Litig.*, 211 F.R.D. 219 (S.D.N.Y. 2002) both involved cases in which the plaintiffs were not entitled to the fraud-on-the-market presumption of reliance. In *Shores v. Sklar*, 647 F.2d 462 (5th Cir. 1981) the court sustained the plaintiff's Section 10(b) claim where his lack of reliance on the offering materials was not determinative. In *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553 (3d Cir. 2012), the plaintiff failed to review any of the defendants' published financial statements.

-5-

(emphasis in orginal).  The key factor is Defendants' knowledge and is an issue common to all class members which will predominate over any individual issues.  *Dura-Bilt*, 89 F.R.D. at 96 ("Where . . . plaintiffs' allegations relate to . . . defendants' sale . . . while in possession of material inside information and without disclosing such to the public, common issues predominate over any individual issues . . . .").

     *McCormick v. Fund. Am. Companies*, 26 F.3d 869, 879-880 (9th Cir. 1994), relied upon by Defendants, analyzed the materiality of a failure to disclose the *likelihood* that a corporate transaction would take place.  *Id*. at 876.  At the time of the transaction, there was no deal and no assurance that a deal would actually take place and, therefore, the facts were not sufficiently material so as to require their disclosure.  *Id*. at 884.  Here, in contrast, Plaintiff knew nothing about Xcelera's finances when she tendered.[3]

     Defendants have also already made this precise argument on appeal (Taylor Reply Decl. Ex O at 43) which the Second Circuit rejected by holding that Defendants' omission of material information formed the basis for Section 10(b) liability.  *See Steginsky*, 741 F.3d at 371.  That decision is *stare decisis* and may not be revisited in the context of class certification.  *U.S. v. McGee*, 564 F.3d 136, 140 n.2 (2d Cir. 2009).

---

[3]    *Jensen v. Kimble*, 1 F.3d 1073 (10th Cir. 1993), upon which Defendants rely, is also distinguishable and not controlling.  *Jensen* involved a motion for summary judgment in which liability was premised on a statement being deceptive.  1 F.3d at 1074.  Here, in contrast, liability rests on Defendants' failure to disclose material information and trading in securities which triggers a more extensive duty to disclose.  *See, e.g.*, *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 240 (2d Cir. 1974).  *Willco Kuwait (Trading) S.A.K. v. De Savary*, 843 F.2d 618, 627 (1st Cir. 1988), also relied upon by Defendants, is not on point as the case was an appeal from a judgment on the merits which involved an evidentiary ruling excluding evidence not sufficiently probative of fraud.

**C.     Plaintiff is Not Subject to a Unique Defense of Non-Reliance Based Upon Her Suspicions Regarding Defendants' Conduct**

Defendants assert that Plaintiff is subject to a unique defense of non-reliance because she was purportedly aware of Defendants' fraud prior to tendering her shares through conversations with her attorneys at Abraham, Fruchter and Twersky, LLP ("AF&T"). Defs. Memo. at 13-17. Defendants' argument lacks merit.

Plaintiff contacted AF&T after receiving information from her daughter containing an article about AF&T's previous litigation in the *Feiner* action. Tr. at 163:5-9. AF&T, therefore, was a logical potential source of information concerning Xcelera. AF&T, however, had no insight into the finances of Xcelera and could offer no more information than that which was already publicly available. Thus, Plaintiff's contact with AF&T did not give her any special access to insider information concerning Xcelera's finances.

Similarly, Defendants' assertion that Plaintiff's sale of Xcelera stock was a "predicate for a planned lawsuit" (Defs. Memo. at 13) is also false and contradicted by Plaintiff's testimony that her lawsuit arose out of her belief that Defendants "weren't honest to the shareholders." Tr. at 76:17-18. More specifically, Plaintiff testified as follows: "Q. Did you tender your shares so you could file this complaint against the Xcelera defendants? A. No." Tr. at 79:15-18. Plaintiff's knowledge of the *Feiner* litigation, which was in the public domain, and her suspicion (Tr. at 137:23) concerning the Tender Offer, however, do not equate to knowledge of the facts concerning Xcelera's financial condition omitted by Defendants which are the relevant omitted facts in this litigation.

*Wardrop v. Amway Asia Pacific Ltd.*, No. 99 Civ. 12093 (DC), 2001 U.S. Dist. LEXIS 2857 (S.D.N.Y. March 20, 2001), upon which Defendants rely, is not on point. In *Wardrop*, the

stocks' value was affected by China's impending entry to the World Trade Origination, a fact only coming into existence after the tender offer commenced, was known to the plaintiffs prior to the close of the tender offer and formed the basis for the plaintiffs' lawsuit filed prior to the tender offer closing. *Id.* at *3 and 15-16.

Here, in contrast, there are no record facts demonstrating that Plaintiff knew anything concerning Xcelera's financial condition or results of operation prior to tendering her shares of Xcelera stock.  To the contrary, Plaintiff did the best she could to investigate those facts without great success.  *See* Tr. at 136-153.  Plaintiff's lawsuit, unlike the case in *Wardrop*, was not filed before the close of the tender offer but, instead, was filed 11 months later.[4]

*Bello v. Integrated Resources, Inc.*, No. 88 Civ. 1214 (CSH), 1990 U.S. Dist. LEXIS 4610, at *3-4 (S.D.N.Y. Apr. 19, 1990), upon which Defendants also rely, stated in *dicta* that the plaintiff's communications with a party (AVAQ International) and resulting knowledge of that party's competing higher offer to purchase the securities made the claims subject to a unique defense.  Here, in contrast, Plaintiff had no such communication with any insider or person privy to the financial condition or results of Xcelera.[5]

---

[4]    *Kamerman v. Ockap Corp.*, 112 F.R.D. 195 (S.D.N.Y. 1986) and *Stark Trading & Shepherd Invs. International, Ltd. v. Falconbridge Ltd.*, No. 05 Civ. 1167 (AEG), 2008 U.S. Dist. LEXIS 2677 (E.D. Wisc. Jan. 14, 2008), *aff'd*, 552 F.3d 568 (7th Cir. 2009) upon which Defendants rely, were cases in which the plaintiffs knew about the facts which had not been disclosed.

[5]    There is also no merit to Defendants' suggestion that Plaintiff is an inadequate representative for failing to warn the public prior to expiry of the Tender Offer.  Defs. Memo. at 15 n.3.  *Stark Trading* was decided on a motion to dismiss, not a motion for class certification and, therefore, never addressed the plaintiff's adequacy.  552 F.3d at 572.

Similarly, Defendants' assertion that AF&T assumed an "active role" in Plaintiff's decision to tender which may require AF&T to participate as a fact witness is incorrect. Defendants have been specifically informed that AF&T "has never provided any business advice to Plaintiff, including whether she should tender her shares of Xcelera."  *See* Letter to

*Lewis v. McGraw*, 619 F.2d 192 (2d Cir. 1980), upon which Defendants rely, is also not

on point.  In *Lewis* the tender offer forming the basis of plaintiffs' claims never became effective

and, therefore, the plaintiff could not have relied on statements in connection with the tender

offer.  Here, in contrast, there was a tender offer in which Defendants purchased over 3 million

shares of Xcelera stock.  *See* Taylor Decl. Ex. G (ECF No. 128-7).[6]

> **D.    Individual Issues Do Not Predominate With Respect to Plaintiff's Breach of Fiduciary Duty Claim**

Defendants assert that as to the breach of fiduciary duty claims Plaintiff will be unable to

show a "special relationship" and that demonstration of such a "special relationship" is not

susceptible to class-wide proof.  *See* Defs. Memo. at 18-19 and 25.  Defendants' arguments are

without merit.

The same facts predominate on these claims because Defendants disseminated the

communications to Plaintiff and the other Class members to sell Xcelera stock without disclosing

material information concerning Xcelera.  *See, e.g.*, AC ¶3.  This Court permitted Plaintiff's

Cayman Islands claim to go forward recognizing that discovery would overlap as to that claim

---

Defendants dated Aug. 29, 2014 (Taylor Reply Decl. Ex. P).  *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 119 F.R.D. 344, 348 (S.D.N.Y. 1988), *aff'd*, 903 F.2d 176 (2d Cir. 1990), upon which Defendants rely, is inapposite as there the plaintiff, a closely held family company, hired the law firm of a family member who was an officer and executive of the company and who made the very same investment as the company.  119 F.R.D. at 348.  Here, no such similar close ties or relationship exists.

[6]     Other cases relied upon by Defendants are inapposite.  *Manela v. Garantia, Inc.*, 5 F. Supp. 2d 165, 173 (S.D.N.Y. 1998), involved an affirmative misrepresentation which the plaintiff did not believe.  *Gurary v. Winehouse*, 190 F.3d 37, 41 (2d Cir. 1999), involved a dispositive motion rather than a motion for class certification where the plaintiff was aware of the defendants' manipulative short selling when he purchased his shares.  In *In re Merrill Lynch Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 395 (S.D.N.Y. 2010), on a dispositive motion, the court found that the plaintiffs were not entitled to the presumption of reliance.

-9-

and the federal insider trading claims.  *See* Transcript dated September 4, 2014 at 16:4-12

(Taylor Reply Decl. Ex. Q).

## III.   THE CLASS SHOULD INCLUDE SALES OF XCELERA STOCK TO DEFENDANTS OUTSIDE THE STRICT CONFINES OF THE TENDER OFFER

Defendants argue that the Court's dismissal of Plaintiff's Non-Tender Offer insider

trading claims precludes including those claims in the Class.  Plaintiff respectfully submits that

including those claims is mandated based upon the Second Circuit's decision in *NECA-IBEW*

*Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012).

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,*

*LLP*, 322 F.3d 147 (2d Cir. 2003), upon which Defendants rely, is not to the contrary.  Instead,

*Coopers & Lybrand* acknowledges that a court's prior decisions may be revisited to correct a

"clear error."  In addition, this Court's prior decision arose in the context of a motion to dismiss

rather than the class certification motion currently under consideration.

### CONCLUSION

Therefore, the Court should grant Plaintiff's motion for class certification.

Dated: December 17, 2014                    **ABRAHAM, FRUCHTER & TWERSKY, LLP**

                                       /s/  Jeffrey S. Abraham
                                       Jeffrey S. Abraham, *pro hac vice*
                                       Philip T. Taylor, *pro hac vice*
                                       One Penn Plaza, Suite 2805
                                       New York, NY 10119
                                       Telephone: (212) 279-5050
                                       Facsimile:  (212) 279-3655
                                       jabraham@aftlaw.com
                                       ptaylor@aftlaw.com

-10-

**SCOTT+SCOTT LLP**
**ATTORNEYS AT LAW**
Erin Green Comite (ct24886)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
ecomite@scott-scott.com

*Attorneys for Plaintiff*

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I caused the PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing documents or paper to be mailed via United States Postal Service to the non-CM/ECF participants indicated on the manual Notice List.

I hereby certify that I also caused the foregoing documents to be served via United States Postal service upon the following persons:

OFC Ltd.                                   Hans Eirik Olav
c/o Mercury Management Limited             Dagaliveien 18 F
13 Curate Fenech Street                    0776 Oslo
Birzebbugia, BBG2032                       Norway
Malta

I certify under the laws of the United States of America that the foregoing is true and correct.  Executed on December 17, 2014.


                                           /s/ Philip T. Taylor
                                           Philip T. Taylor