# EXHIBIT O

# 13-1327-cv(L)
## 13-1892-cv(XAP)

IN THE

# United States Court of Appeals
### FOR THE SECOND CIRCUIT

◆◆◆

GLORIA STEGINSKY,

*Plaintiff-Appellant-Cross-Appellee,*

—against—

XCELERA INC., VBI CORPORATION, ALEXANDER M. VIK, GUSTAV M. VIK,

*Defendants-Appellees-Cross-Appellants,*

HANS EIRIK OLAV, OFC LTD.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (BRIDGEPORT)

**BRIEF FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS**

WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800

—and—

WHITMAN BREED ABBOTT
  & MORGAN LLC
500 West Putnam Avenue
Greenwich, Connecticut 06830
(203) 862-2332

*Attorneys for Defendants-Appellees-Cross-Appellants*

*Green*, 430 U.S. 462, 476 (1977). In any event, *Mutual Shares* is easily distinguishable on its facts: the majority shareholder allegedly drove down the price of a publicly traded stock by keeping dividends to a minimum, and thus had some opportunity for a later profit if it upped the dividend following the purchase of minority shares at a depressed price. Here, the Xcelera Defendants had no such opportunity after the shares were de-registered.[6]

### D.  The District Court's Decision Should Be Affirmed Because The Complaint Fails To Allege Reliance

Having failed to identify a single misstatement or omission by the Xcelera Defendants, it follows that Ms. Steginsky also has not alleged that she relied on such a misrepresentation or omission and forms another basis on which to affirm the dismissal. "Reliance by the plaintiff upon the defendant's deceptive acts is an essential element of the § 10(b) private cause of action. It ensures that, for liability to arise, the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury exists as a predicate for liability." *Stoneridge Inv. Partners,*

---

[6] Ms. Steginsky also relies heavily on *Atchley v. Qonaar Corp.*, 704 F.2d 355, 358, 360-61 (7th Cir. 1983), *see* App. Br. 36, 39, but the *Atchley* defendants were alleged to have depressed the price of their company's stock by secretly falsifying accounts. By contrast, Ms. Steginsky alleges that the value of her Xcelera securities was depressed by a "scheme" carried out in broad daylight. While Ms. Steginsky argues that "driving down the price of securities" is *per se* manipulation, App. Br. at 36, this misstates the law. *See, e.g., Schreiber v. Burlington N., Inc.*, 472 U.S. 1, 7-8 (1985) (Section 10(b) claim requires "misrepresentation"); *S.E.C. v. Obus*, 693 F.3d 276, 285 (2d Cir. 2012) ("deception" is required for Section 10(b) liability).

42

*LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008) (internal quotation marks omitted). In addition, "plaintiff's reliance on the defendant's misrepresentation must have been reasonable in order for the claim to proceed." *Ashland Inc. v. Morgan Stanley & Co.*, 652 F.3d 333, 337 (2d Cir. 2011). When, as here, the market for the securities at issue is not efficient, the plaintiff is required to plead the basis for her reliance with specificity. *See, e.g., Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1199 (2013) ("[W]here the market for a security is inefficient . . . a plaintiff cannot invoke the fraud-on-the-market presumption"; rather, she must "establish reliance through the 'traditional' mode of demonstrating that she was personally 'aware of [the defendant's] statement and engaged in a relevant transaction ... based on that specific misrepresentation.'"); *In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 306 (S.D.N.Y. 2009) (when plaintiff acknowledges that market for security is inefficient, "[p]laintiff must therefore plead facts sufficient to demonstrate the basis for his reliance").

Ms. Steginsky fails to do so. Indeed, to the contrary, she concedes that she sold her shares with full knowledge that Xcelera's shares were not registered, that Xcelera had not filed its annual reports since 2004, and that Xcelera did not make its current financial statements available. *See* A-19-21 (Compl. ¶¶ 25-30). Ms. Steginsky's cognizance of these allegedly "manipulative" acts at the time of her sale forecloses any claim of reliance. *See* Section I.C. *infra*.

43

Additionally, Ms. Steginsky was alerted to the sale of her shares by a brokerage statement; she does not allege that her decision to sell her shares was connected whatsoever to representations by the Xcelera Defendants. A-27 (Compl. ¶ 46). Moreover, she sold her shares to OFC on or about April 18, 2011 – or approximately three months after the last alleged extension of the tender offer (February 21, 2011). *Compare* A-27 (Compl. ¶ 46) *with* A-37 (Compl. Ex. A, ¶ 4 ("Plaintiff tendered 100,010 shares of Xcelera common stock to OFC Ltd. and received payment therefore on or about April 18, 2011.")). There is no factual basis from which to infer that Ms. Steginsky relied on any statement by any of the Xcelera Defendants when making this sale, or even that the she participated in OFC's alleged tender offer. *See Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 433 (S.D.N.Y. 2010) (dismissing securities fraud claim for failure to plead reliance where "nowhere in the [Amended Complaint] is there any mention that the . . . Defendants did anything that influenced Plaintiffs' conduct").

## II. THE DISTRICT COURT CORRECTLY HELD THAT THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 14(e) OF THE EXCHANGE ACT AND RULE 14e-3

Ms. Steginsky's claims under Section 14(e) of the Exchange Act, 15 U.S.C. § 78n(e), and Rule 14e-3 thereunder, 17 C.F.R. § 240.14e-3 – which relate to

44