# EXHIBIT Q

```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - x

GLORIA STEGINSKY                   :  No. 3:12CV-188 (SRU)
                                   :  915 Lafayette Boulevard
           vs.                     :  Bridgeport, Connecticut
                                   :
                                   :  September 4, 2014
XCELERA INC., ET AL                :

- - - - - - - - - - - - - - - - - x

                   MOTION HEARING

B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

   FOR THE PLAINTIFF:

        ABRAHAM FRUCHTER & TWERSKY LLP
            One Penn Plaza, Suite 2805
            New York, New York  10119
         BY:  JEFFREY S. ABRAHAM, ESQ.
              PHILIP T. TAYLOR, ESQ.

   FOR THE DEFENDANT:

        WILMER CUTLER PICKERING HALE & DORR
            7 World Trade Center
            250 Greenwich Street
            New York, New York  10022
         BY:  PETER J. MACDONALD, ESQ.
              ANDREA DREYER, ESQ.

        WHITMAN, BREED, ABBOTT & MORGAN
            500 West Putnam Avenue
            Greenwich, Connecticut  06830
         BY:  CHARLES W. PIETERSE, ESQ

              Susan E. Catucci, RMR
              Official Court Reporter
              915 Lafayette Boulevard
           Bridgeport, Connecticut  06604
                 Tel: (917)703-0761
```

1  But I wanted to let the Court know that that part of that
2  ruling had gotten some attention and is before the Supreme
3  Court in a cert petition.
4              THE COURT:  Okay.  Let me ask plaintiff's
5  counsel if you anticipate that the breach of fiduciary
6  duty claim is going to involve discovery beyond the
7  discovery that is going to be supportive of the 10b-5 or
8  even the 20A claims.
9              MR. TAYLOR:  I think they are part and parcel
10 with the insider trading claims so I think they would
11 involve the same types of discovery.
12             THE COURT:  That's my assessment as well.
13             MR. TAYLOR:  But I mean, I can't stand here and
14 tell you today that that is for sure.  We would have to
15 see how discovery develops with respect to those claims
16 obviously.
17             THE COURT:  Fair enough.
18             Okay.  Well, I'm going to grant in part and deny
19 in part the motion to dismiss.  Obviously I have to accept
20 as true the allegations of the complaint and draw all
21 reasonable inferences in favor of the plaintiff and decide
22 looking at the complaint in that light whether it states a
23 cognizable claim or not, and in essence I think it states
24 a cognizable claim with respect to the tender offer
25 transactions.  Those are the only transactions, the only