15-1885-cv
Steginsky v. Xcelera Inc. et al.



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           CHRISTOPHER F. DRONEY,
                       *Circuit Judges,*
           JEFFREY ALKER MEYER,
                       *District Judge.*[*]

---

GLORIA STEGINSKY, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

        *Plaintiff-Appellant,*

        v.                                                          15-1885-cv

XCELERA INC., VBI CORP., ALEXANDER M. VIK,
GUSTAV M. VIK, HANS EIRIK OLAV, AND OFC
LTD.,

        *Defendants-Appellees.*

---

[*] The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

MANDATE

MANDATE ISSUED ON 08/19/2016

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jeffrey S. Abraham and Philip T. Taylor, Abraham Fruchter & Twersky LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES XCELERA INC., VBI CORP., ALEXANDER M. VIK, AND GUSTAV M. VIK:** | Peter J. Macdonald and Andrea Dreyer, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the instant appeal be and hereby is **DISMISSED IN PART**, insofar as plaintiff-appellant Gloria Steginsky's individual claims and her motion for default judgment against defendant-appellant OFC Ltd. are concerned, and that the judgment of the District Court be and hereby is **AFFIRMED**, insofar as Steginsky's motion for class certification is concerned.

Plaintiff-appellant Gloria Steginsky appeals the District Court's judgment of May 13, 2015, which followed her voluntary dismissal of claims brought against defendants-appellees Xcelera Inc., VBI Corp., Alexander M. Vik, Gustav M. Vik, Hans Eirik Olaf, and OFC Ltd. (jointly, "defendants") alleging breach of fiduciary duty and violations of sections 10(b), 20(a), and 20A(a) of the Securities Exchange Act.[1] We assume the parties' familiarity with the underlying facts and the case's procedural history and, for the reasons that follow, dismiss the appeal in part and affirm the District Court's judgment.

We begin with Steginsky's individual claims, and conclude that they are not properly before us. The District Court dismissed these claims at Steginsky's request. *See* J.A. 1026-29. A plaintiff who seeks and obtains dismissal of a claim is not ordinarily permitted to appeal from the dismissal, "since it is presumed that [the] plaintiff[ ] obtained that which [she] sought." *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 88 (2d Cir. 2013) (internal quotation marks omitted).

We have, it is true, fashioned a narrow exception to this rule: "when the dismissal is with prejudice, plaintiffs have been allowed, in limited circumstances, to appeal from a voluntary dismissal when the plaintiffs' solicitation of the formal dismissal was designed only to expedite

---

[1] On appeal, Steginsky does not challenge the District Court's treatment of her breach of fiduciary duty claims.

review of a prior order which had in effect dismissed plaintiffs' complaint." *Id.* (alteration and internal quotation marks omitted). Steginsky takes the view that this is just such a case, contending that the District Court's ruling denying her motion for class certification "effectively dismissed" her individual claims. *See Steginsky v. Xcelera, Inc.*, No. 3:12 Civ. 188 (SRU), 2015 WL 1036985 (D. Conn. Mar. 10, 2015).

   Not so. The District Court ruled only that certification was improper because Steginsky's claims—which were susceptible to "the unique defense of non-reliance"—were not typical of the class's claims. *Id.* at \*5, \*7. Indeed, Judge Underhill expressly stated that, in denying the motion for certification, he was not "passing judgment on the merits of [the] case." *Id.* at \*7; *see also* SPA-25 ("[I]t is my current intention to allow the 20A claim to proceed . . . ."); *Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996) ("[Plaintiff] thus concludes that . . . the ruling effectively dismissed his case . . . . We are not persuaded by this argument, primarily because the district court expressly declined to take the position that . . . [plaintiff's] proof as a whole was insufficient as a matter of law."). Steginsky might be correct in asserting that the Court took a dim view of her case's merits, *see* Pl.'s Reply Br. 11-14, but discerning an adverse judgment somewhere in the offing is not the same as having one's claims "effectively dismissed." *See Ali*, 719 F.3d at 88-89 ("In order to qualify as an effective dismissal of the claim, the adverse ruling must have rejected the claim as a matter of law." (citations and internal quotation marks omitted)); *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 95 (2d Cir. 1987) ("The danger inherent in electing voluntarily to dismiss a case because of a prior adverse ruling is well illustrated in this case: Appellants rely exclusively on their interpretation of [the district judge's] partial summary judgment order as an effective dismissal of their entire complaint."). Steginsky's individual claims are therefore not reviewable.

   Neither is the District Court's order denying without prejudice Steginsky's motion for default judgment against OFC Ltd. As we have explained, voluntary dismissal of a claim brings up for review only such prior orders as "ha[ve] in effect dismissed [the] plaintiff's complaint." *Ali*, 719 F.3d at 88 (internal quotation marks omitted). It does not permit appeal of any and all adverse decisions rendered prior to entry of judgment. *See Palmieri*, 88 F.3d at 140 (declining to review an evidentiary ruling following voluntary dismissal because the ruling was "subject to change at trial in the district court's discretion," and, as a result, the plaintiff was not "faced with a nonappealable order effectively dismissing his case"). The District Court's order did not by any stretch of the imagination effectively dispose of Steginsky's claims against OFC Ltd.; indeed, Steginsky was invited to make another motion for default judgment at a later time. SPA 40-44. Accordingly, the order is unreviewable as well.

   As for the issue that *is* within our power to review—the District Court's ruling on Steginsky's motion for class certification—we affirm, substantially for the reasons stated by the District Court in its thorough and well-reasoned decision. *See Steginsky*, 2015 WL 1036985, at \*4-7. The Court did not err, much less "abuse its discretion," in determining that Steginsky's unique

3

susceptibility to the defense of non-reliance rendered her an unsuitable representative plaintiff.[2] *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179-80 (2d Cir. 1990) ("[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." (citations omitted)).

## CONCLUSION

We have reviewed all of Steginsky's arguments on appeal and find them to be without merit. We thus **DISMISS IN PART** the instant appeal and **AFFIRM** the May 13, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In view of this conclusion, and because Steginsky does not suggest that she could have represented the non-tender-offer class members any more effectively than she could have represented the tender-offer class members, we need not determine whether the District Court was correct in holding that Steginsky lacked standing to sue on behalf of the non-tender-offer plaintiffs. Our typical practice of deciding standing questions first may properly be suspended when, as in this case, "they would not exist but for" certification. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 :d), and "resolution of class certification" g issues, *Mahon v. Ticor Title Ins. Co.*, 683 F.3d

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit